May it please the court. Sir. Good morning. Chief Judge Traxler, Judge Gregory, Judge Duncan, my name is Andrew Gendron. With me today, my colleagues Michael DeVinney, who with me represents ExxonMobil, and Paul Ishak, who represents co-defendant John Hicks. I will be arguing on behalf of ExxonMobil and Mr. Hicks. For 170 years the law of the removal jurisdiction of the federal courts is exclusive. Congress decided that there should be a federal forum available for the resolution of MTBE related claims and legal actions filed after August 8th, 2005. This being such a suit, defendants invoked their right to remove it to federal court. The propriety of removal is not in dispute. What is in dispute is whether plaintiffs, after removal, may then refile the very same claims in state court, and whether a district court may endorse that pact by abstaining from trying the removed action. In June 2011, a Maryland State Court finding that individual issues predominated over common issues, decertified a class of current and former residents of Faulston, Maryland, whose groundwater was allegedly contaminated by the defendants over several decades. That former class action is the Cook case, K-O-C-H. The 767, depending upon whom you ask, 767 or 787 plaintiffs in this, the Ackerman case, are former members of the Cook class. They filed suit on November 2nd, 2011. The same day, the seven remaining Cook plaintiffs, the former class representatives, represented by the very same council representing the Ackerman plaintiffs, filed a second amended complaint in Cook. The principal difference between the second amended complaint and the first amended complaint was that the class allegations and class relief were on behalf of the plaintiffs. The allegations and claims in the Cook second amended complaint and the Ackerman complaint are substantively identical, often down to the very punctuation marks. The two cases had, however, different plaintiffs, all of whose claims in both cases require individualized proof. Not a Cook second amended complaint, if proven, would establish any Ackerman plaintiffs' right to recovery under any theory asserted, and vice versa. Defendants removed Ackerman on November 29th, 2009, excuse me, 2011, and that same day filed with the state court a notice of the removal, staying state court proceedings per 28 U.S.C. section 1446D as of that date. Two days later, ignoring section 1446D, the Ackerman plaintiffs refiled their case in state court. They did so by tucking or inserting their entire case on behalf of all 267-plus plaintiffs inside Cook under the guise of a Cook third amended complaint. The only difference being the caption was now many, many, many, many pages long, but the substantive allegations were the same in both the Ackerman complaint and the Cook second amended complaint, and now the Cook third amended complaint. The 1st, 2011, the Ackerman plaintiffs sought remand of their case to state court or alternatively a stay of the removed case under Colorado River. While the district court correctly denied remand, it incorrectly stayed Ackerman in favor of Cook as amended post removal. It is this error that the defendants asked this court to vacate. The first threshold question under Colorado River is, is there a parallel proceeding in state court? The premise of a parallel proceeding is concurrent jurisdiction. To underline this point, throughout the Colorado River opinion, Justice Brennan refers to concurrent jurisdiction ten times. Where removal has occurred, there can be no concurrent state court jurisdiction is and has been for 170 years exclusive. There is thus no precedent for what the district court did, invoking Colorado River in a removal context and for good reason. Because 28 U. S. C. Section 1446 D. Notice strips the state court of jurisdiction. It bars plaintiffs in a from refiling exactly the same case in state court post removal. Let me ask you this. Why didn't you seek to enjoin the amendment or uh, the state court from proceeding? We did not need to. Your honor, the state court judge advised us before the matter came to to ahead that he was going to stay all proceedings pending outcome of the federal proceedings. Uh, and that may be found that gets you. What did that get you with regard to this issue? What it it it it meant that it was unnecessary to ask the federal court to command the state court to do nothing because the state court had already said, I will do nothing. I will abide by the result before we thought it wise or appropriate to seek that extraordinary relief from the district court. We evaluated whether it was necessary, given the state court's position and is it your impression that this well, the district court analysis, I would appreciate it if you would address the district court's analysis of its authority to enjoin state court, the state court action. It seemed to feel that there was no exception to the anti injunction act here. Could you help me with that? Well, that that was since at least the early 20th century, if not before that section 14 46 d is one of the express authorizations for a district court to grant injunctive relief of a state court proceeding under the anti injunction act. We're only talking here to the extent that that we'd be talking about an injunction at all. We'd only be talking about the express authorization exception. The first of the three exceptions, right? But if and if we were to agree with you on that, we would still, it seems to me, since it is a discretionary determination on the part of the district court need to remand it to the state court and not to compel the granting of an injunction, but simply to explain that 14 46 d is the express authorization that allows a federal court to enjoin a state court action. Your Honor, I respectfully disagree. Uh, recite and I believe it is, uh, I believe it may be on page 31 of our brief, but I could be mistaken about that. But it's an article, uh, jurisdiction and discretion by Professor David Shapiro's professor emeritus at Harvard. I believe he's now in residence at N. Y. U. And and he cites as an example of Congress's ability to circumscribe the discretion of a district court, uh, section 14 46 d. And he says, if you look at that, that the plain language of Section 14 46 d the the statute compels the district court to grant injunctive relief when requested. But then it's not a discretionary determination. It is. Within that context, that's correct. Congress has essentially denied the district court discretion. But our position, Your Honor, and we we cite, among others, the Vendo case from the Supreme Court on this. Our position is that section 14 46 d is self actuating. Uh, Justice Rehnquist in the Vento decision stated that the statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state court proceedings. Section 14 46 d. When one gives the notice to the plaintiff and gives the notice to the state court, that stays the state court proceedings. There is no need for injunction. State court shall proceed no further. Correct. Until the case is remanded. Unless and until the case is remanded. But there was no remand here because because the parties agree now, although plaintiffs moved to remand, the motion to remand that removal was appropriate. This case falls within the exclusive jurisdiction of the federal court. Now, as I said, there's no authority for what judge what the district court did. It is. It is. And quite frankly, there are no cases that appear to have ever dealt with this specific factual context. But but it's instructive that the the capers case, the Kansas pension retirement system case out of the Eighth Circuit toward the end of the opinion that the plaintiffs there they were fighting mightily. Well, after removal, the plaintiff can't file essentially the same case in in state court to subvert federal questions. Correct. But that's correct. And it strikes me that the point is, if you can't file essentially the same case, you can't file exactly the same case on. And that's the proposition that capers Lou Frith other cases stand for. But what I wanted to it's almost almost an afterthought. But but in the in the capers case, the plaintiffs sought younger abstention and the court rejected that. It said that abstention, albeit albeit here under younger, is inappropriate where a federal court has exclusive jurisdiction over a claim. If abstention in the younger context is inappropriate and abstention requires concurrent jurisdiction in the Colorado River context, and there can be no concurrent jurisdiction because we're talking about the exclusive removal jurisdiction of the federal court, then what the district court did, it had no authority to do. And quite frankly, that that's the whole point of the excluded. But the state court would have had no authority. I mean, the state court, although the state court stayed, the state court also would have had no would be unable to correct your honor. The old the old term that the cases from the 19th century that dealt with this back when this was still an issue, they say that state court proceedings there were quorum non UTC. There was there was no jurisdiction of that court to act. And what what what we are trying to I think Judge tracks was questioned about an injunction that the that the state court is stripped of jurisdiction by 1446 D. Correct, Your Honor. If the exclusivity principle has any meaning whatsoever, it it necessarily means that a plaintiff may not in any form refile the same case that a defendant has removed unless and until the case is remanded. And here, of course, we know there will be no remand. Now we know we're talking about. We're talking about the case as of removal. If you compare, uh, I mean, let's let's for one moment discuss what we're left with. We've got exclusive jurisdiction of the federal court over the Ackerman case. That means that that the Cook second amended complaint for those seven plaintiffs still left in state court. This is just another way to look at the abstention analysis. You have to under the great American Chase Brexton, other other strictly construed the the parallel proceedings requirement under Colorado River. We have to look and say, can complete relief be afforded respecting the claims of the Ackerman plaintiffs regarding or in the Cook second amended complaint, the case that was in state court at the time of removal. And the answer is plainly not because all of these claims involve individual claims for damages. They all require individualized proof of causation. They all require individualized proof of of damages. And and as you just pointed out, Judge Duncan, the third amended complaint was filed in violation of 14 46 D and is therefore void because the district of the state court did not have jurisdiction at the time. So in your view, 14 46 D is self actuating. Yes, you are. And your authority for that at the very least, I'm sorry. At the very least, the electro case, Your Honor. But other cases much longer ago, the Gordon case from the Supreme Court, the and pardon me, the French case. Uh, these cases actually invalidated state proceedings that continued on after the removal based on the very same principle that the removal had occurred and the notice had been given. And at that point, the state court was divested of jurisdiction and there was no injunction granted. Neither of those cases, no injunction requested. Uh, for 220 years, Congress has ensured state court defendants the right to remove certain cases to federal court. 170 years ago in the Gordon case, the is exclusive. And 36 years ago in the Vendo case, the Supreme Court observed that such exclusivity is enforced by the automatic bar of state court proceedings under Section 14 46 D. Plaintiffs refiling of their case, albeit under the guise of the cook third amended complaint in violation of the section 14 46 D stay was void and cook per the second amended complaint, not being able to resolve any of the Ackerman plaintiffs claims cannot provide the basis for parallel proceedings under Colorado River. Consequently, the district court erred in deferring to cook under Colorado River, and the decision of the district court should be remain should be vacated. Excuse me. Thank you. Here from the happily may please the court. The district court properly deferred. The state court proceedings have been pending for approximately seven years. State court proceedings involved a mass toward action of 750 plaintiffs. What doesn't the district court have to clearly air in finding that the plaintiffs didn't follow the amendment, um, to subvert federal jurisdiction? I don't think so. Your honor, the plaintiffs acknowledged that they took the action to subvert the effects of removal. I don't get that. I don't think the plaintiffs acknowledged of trying to subvert jurisdiction. They said blunt the effects of removal. And let me explain your honor in excellence argument today. And in fact, in most of its briefing, there was virtually no analysis of Klein versus Burke construction and very limited analysis of the actual text of removal statute. The removal statute itself by its terms prohibits or would authorize an injunction off continuation of the removed action in state court, not some additional concurrent action that was separately filed. Well, you certainly do have. You have two things. First of all, you have the same cake, the same allegations, the same defendant, the same a subset of the same plaintiffs. That's why I want to talk about Klein versus Burke construction. I was the Supreme Court case. I'm sorry. But the point of which in the plaintiff's own words was to get around the removal. Well, first, I would know the district court found that that was not point of the plane. Right. And that's why I'm saying that's what seems to me. It has to be clear error because the plaintiffs said that that was its intent. Let me let me finish my discussion of Klein. I think it will answer the court's question. If it doesn't, I'm more than willing to come back. Klein was, of course, a case involving original jurisdiction, not removal jurisdiction. But it was a very similar situation in all other respects. In Klein, a contractor had sued the Texarkana authorities over a contract dispute in federal court. The Texarkana folks then decided to file a separate action over the exact same dispute in state court. And so Burke construction decided to get an injunction in the federal court proceeding of that state court action. The Supreme Court said it doesn't work that way in our federal system. If you're talking about in persona actions, concurrent actions are permissible. That's absolutely correct. But as you pointed out, it well, is there an analog in the context of original jurisdiction to 14 46 d? And my answer to that is 14 46 d only prohibits world would only authorize an injunction of the removed action itself. It says by its terms, this court shall proceed no further unless and until the case is exactly the same action against exactly the same defendant. If exactly the same action is filed, it would be removable, and that would be the defendant's remedy. And once removed, it would be susceptible of injunction because the removal statute says the removed case may be enjoined in 14 46. He has no meaning. If if if if a subset of plaintiffs can bring an identical action against the same defendant in state court after removal, then it's endless. And the defendant has to just keep removing. You can do it one at a time. You can do it one plaintiff after another. The same action, the same defendant. It's not endless. I don't think well, it's only it's only it only ends when you run out of plaintiffs, I think is a practical matter. Plaintiff that got removed twice would stop. Why? Just a matter of futility, frankly, and possibly also sanctions from the federal court at some point. But analytically, as you frame it, they could. I think the reality is, is that Klein does permit analytically. No, in the cup. Well, do you have? Um, do you have authority that involves 14 46 d for that proposition? I do not. But what I would point out is that when Klein was decided the removal statute already existed. Removal statute goes back to the 17 nineties. The Anti Injunction Act goes back to around the 17 nineties. The Supreme Court was well aware of both the removal statute and the Anti Injunction Act when that decision was decided. But it didn't invoke removal jurisdiction. So there was no reason to refer to it. But if the court's logic were a whole, what it would mean is that one statutory right, it wouldn't mean anything of the kind. It only it only applies to the statute of which it is apart. 14 46 is in the removal statute. What it would mean, Your Honor, respectfully submit is that the removal action has greater rights vis a vis the Anti Injunction Act than the action originally filed in federal. But if that's true, it's only because that is Congress's express wish. If Congress wanted to speak to the issue of original jurisdiction in the same regard, it could do so. It shows in the context of the removal statute to say, shall proceed no further unless and until the case is remanded. And again, it's our position that refers to the removed case, not to other concurrent proceedings. There's nothing in the Supreme Court's jurisprudence that suggests that it ever intended to limit the possibility of concurrent in actions involving the same parties, the same cause of action. And in that regard, well, what would you say to the Eighth Circuit's language that the party cannot file essentially the same case in a second state action to subvert federal question jurisdiction? Here you have not essentially the same case. You have the same case. And what the Supreme Court says is the mere existence of you in percent of actions, not in the context of 1440 60, not in the context of a removal proceeding. And, Your Honor, the only way I can explain it is this. The plaintiff who brings a suit in federal court originally is expressing a preference for federal form. He is asking that his case be adjudicated in federal court every bit as much as the defendant who removes the federal court. That may well be, but that doesn't create congressional authorization that is absent from, that does not apply with respect to original jurisdiction and does apply with respect to removal jurisdiction. And I think respectfully there is congressional action because the only way that diversity plaintiff gets to file, excuse me, the only way that plaintiff gets in federal court in the first place, when he files his original action, that was in Klein versus Burke, it was because Congress said the federal court had jurisdiction. You can file your suit here. That's absolutely correct. That doesn't speak to concur. I mean, it's perfectly possible to have suits proceed along parallel tracks in a number of cases, just not in the context of removal. And I guess what I'm saying, Your Honor, very respectfully, and I hear where you're coming from, I do think it is possible in the removal situation. I think Klein requires it. Professor Wright in his treatise recognizes it's still valid law and, in fact, recognizes that a removal, a subsequent removal, would probably not be subject to an injunction. So I think that, with all due respect, this is what Klein requires. Well, Klein doesn't, but your analysis of Klein as extrapolated to original jurisdiction would. The reason I say this is because the court uses, in Klein, uses that magic language that you see in these fraudulent filing cases relied on by Exxon. And as those cases talk about whether or not the removal, or excuse me, the filing, the concurrent filing, tends to defeat or impair federal jurisdiction. That's the language we see in Klein. We also see it in Frist. We see it in Lew v. Balesburg. We see it in Kansas Public Employee Retirement System. And the federal court said the mere existence of two concurrent in personam action does not defeat or impair federal jurisdiction. The fact that two cases are going to run on parallel tracks to judgment, and that one will operate as res judicata, does not defeat or impair federal jurisdiction. That has been the law since the 1920s in the United States. And there's nothing in the removal statute that changes it. Now Congress had a chance to change it because it amended the Anti-Injunction Act in 1948. Had it thought the reasoning of Klein was misplaced, it could have amended. If it thought that Klein was even implicated. I just don't see how you can argue 1446 as though 1446d doesn't exist. I'm not arguing that 1446d doesn't exist. And as I pointed out, I think it's plain that if an identical action was filed, it would be removable. And then you would be able to enjoin that removed action. And I would point out an identical action. I would point out that in this instance, Exxon has said they're removable. Now the district court took a different view of that. But if in fact they are removable, then there's the issue of whether or not Exxon has preserved this point. It did not remove. It did not seek an injunction. Arguably, it has completely waived this argument. It did not take the steps it needed to preserve its concerns. Although, well, that raises two other questions. The state court stayed. And it is at least arguable that 1446d specifically does what they might have asked to be done. Well, with respect to the state court stay, what the state court said was that it was going to put everything on hold while it waited to see what the district court was going to do vis-a-vis the motion for abstention and a remand. That certainly wouldn't preserve any rights Exxon would have vis-a-vis this court and in terms of its right to an injunction in this court under the Anti-Injunction Act. Well, if I knew I was going to be in front of the state court judge on some of the other cases and maybe all of this, and I could get him to hold everything informally, I would sure rather do that than go in there with a federal court injunction and tell him you're forbidden from doing it that I initiated. So I can understand as a practical matter, you can get the same result in a nice way without offending the judge. Anybody would want to do that. Your Honor, I can see that. But sometimes you have to do things that do offend a judge. And I've certainly been in the position of offending judges at times. It goes with the territory. That's not exactly what I want to hear. I know. As I said, sometimes I have to offend a judge. And, you know, in this instance, I think that Exxon absolutely had to seek the injunction. And if it was any possibility of removing those Ackerman amended complaints, removing them. Now, maybe a motion for remand on our part would have succeeded. And maybe they'd be arguing about that. But without at least attempting those two things, it has not preserved the record to present these issues on appeal. I want to talk briefly about those fraudulent filing cases that are relied upon by Exxon. Because they are significant in a couple different ways. And I alluded to the fact that the district court concluded that there was no finding of fraud by the plaintiffs. I understand that you have an issue with that, Your Honor. But I at least want to talk about those cases. Because what's significant about them is that with the exception of Kansas public employees, they all found that an injunction was not appropriate. They were all instances where the court found there was not fraud. There were rational reasons for what had been done. In one instance, there had been a misnomer. I think that was the first case. There had been a misnomer, which inadvertently created federal jurisdiction, created diversity jurisdiction. So the plaintiff filed a new complaint, properly named the defendant. It was then non-removable. Of course, if that's a legitimate thing to have done, there's nothing deceitful about that. And I think that's what's important to understand about these cases. With the possible exception of the 9th Circuit in Loo. It was the 9th Circuit in Loo. It was 8th Circuit in Kansas public employees. And the 3rd Circuit, I believe, was also spoken of. In Davis. And then there was the 5th Circuit in Frist. But with the exception of those four. I'm sorry. With the exception of those. I may have missed your point, Your Honor. I have to admit, I was so absorbed in what I was saying that I... I'm sorry. Go ahead. Okay. I'm sorry. I'm sorry. It's my job to keep track of what you're thinking. What's significant about those cases is that they concluded that there was no fraud. In Loo, there was a securities action that had been filed. And then the same plaintiff's law firm filed another security action with a different plan. The court concluded that was not a fraudulent filing. It did not warrant an injunction. In Frist, it was the misnomer case. Again, injunction not warranted. The Jett case from the 5th Circuit was a fraud and no basis for an injunction. Here we have the district court concluding the plaintiffs did not do this for fraudulent purposes. They did it to address the State Circuit Court's administrative concerns post decertification. It was an effort to make it possible to get this all resolved in a single comprehensive action. The Ackerman case before federal court would never be So there would always be two actions going forward with the same complex scientific testimony, hydrogeological testimony, testimony regarding medical monitoring and so forth. Two actions in two courts involving all these plaintiffs in this very complicated scenario. When we amended the Cook action and then asked the federal court to abstain, and by the way, we told both courts in advance we were going to do this, it was not deceptive. When we did that, in essence, we were giving the district court the opportunity to abstain and to have it be resolved in a comprehensive way. The federal court retained jurisdiction at all times. The federal court could very easily have said to us, Mr. Raschke, that's an interesting argument, get ready for trial. You better start your discovery. This court has jurisdiction, it's going to exercise it. If we get to judgment first, it'll be raised judicata in Hartford County. If Hartford County gets to judgment first, that will be raised judicata here. It's what the Supreme Court anticipates will happen in this scenario. And it is, in fact, what should happen. The right of removal, and I want to get back to something that Judge Duncan was asking about, the right of removal is not constitutional. It is merely a statutory right, just like the statutory right that gave the plaintiff in Klein versus Burke construction the right to come into federal court. And it makes no sense to treat one statutory right as preferred over another. Both of these statutory rights are subject to the rule in Klein versus Burke construction that in personam actions, by definition, concurrent in personam actions do not Because of that, the amendment of Cook was proper. It is not a nullity. It could only be a nullity if it had been enjoined. It was not enjoined, and therefore the court properly entered into the Colorado River analysis. They concluded that not only were the actions parallel, because they clearly were after the amendment, but that the federal forum was less convenient because of the advanced stage of the proceedings in state court, that the abstention in this litigation, which was a sure thing without it, and that the progress in the state court action and the fact that these were all state law claims warranted abstention. And for those reasons, we ask that the district court's decision be affirmed. Thank you. Thank you. Mr. Gendron. I want to make the same mistake twice, and I apologize, by the way, for reaching back for my water. I've got a bit of a cold. So we should not shake hands? I was gonna say, Your Honor, I saw the hand sanitizer over here. I'm ready to go. Your Honor, you correctly pointed out, and in fact, counsel admitted Klein is based on original jurisdiction. It just has no application here whatsoever. The case under 14 to 6 D, if it is anything, is the plaintiffs. The claims asserted the allegations made the relief sought. All of those identity were refiled in state court, and you're I'm sorry. I'm sorry. The district court found that the primary purpose of Koch wasn't fraudulent. They were very honest that they took the action. They said that they took the action to blunt the effects of removal. What do what is that that he credited? Uh, the fact that there were reasons for the plaintiffs to take the action that they did for purposes of judicial economy. What do we do with that? Well, first of all, that that finding is clearly erroneous, Your Honor, and I'll explain why. I should also add capers was not the only case that enjoined state court proceedings. The Third Circuit, I believe through Davis to did so as well. And I've mentioned Davis to because in Davis to the court said candor toward the tribunal is an admirable and, in fact, a required thing. But you don't essentially get any points for it when your purpose is to subvert federal jurisdiction. It's as in the fraudulent joined her con context. Fraud here has a is a term of art. It has a particularized meaning. It simply means to subvert federal jurisdiction. And under Judge Quarles findings, he found that the third amended complaint in Cook was not an attempt to fraudulently undermine the removal statutes. And he says the plaintiffs told the state court that Cook would be amended. He cites there to a document that his joint appendix J A 1 34, which is Council's November 2nd letter to the state court judge, which said, I wish to advise you that we're filing complaints today. That is the second amended complaint in Cook and Ackerman in the wake of the decertification of the above captioned matter matter. Per your instructions, we are amending what has been the active complaint, and we are also filing a new complaint on behalf of plaintiffs who were previously absent class members. So he's talking about the second amended complaint there. Judge Quarles apparently thought that was talking about the third amended complaint, which was filed 29 days late. Uh, 29 days later. And plainly, that's not what council was talking about. It talked about complaints being filed November 2nd. The court then went on to say that, quote, the primary purpose of amending Cook purposes of many cook were not to fraudulently defeat this court's jurisdiction, but to comply with the state court's instructions and to ease administration of the litigation. Here again, he cites J 1 34, which we just went through J 1 41 and a letter from Judge Plitt Document 1 12. Now, first of the 1 12 says absolutely nothing about amendment one way or the other. J 1 41 said that Judge Plitt asked plaintiffs during a chamber's meeting on October 26 2011. This is an affidavit from council to file new actions for the former class members again. The Ackerman case for ease of administration. That's the only instruction was to file Ackerman. Could I? I have one more question about Davis. I'm sorry. Um, it goes back to something I asked earlier about the relief. You told me that in your view, the granting of an injunction is mandatory. Uh, if asked. Yes, Your Honor. Okay. In Davis, as I recall, the which circuit was that third? Right. The Third Circuit sent it back to the district court to consider whether to issue an injunction. I believe they just did not have the benefit of our argument, Your Honor. Well, there's that you're absolutely correct, Your Honor. Let me unless you want to answer further. It's a question I've not thought through. But here's my question to you. Does accepting the plaintiff's position in this case lend itself to manipulation of the system by other plaintiffs in the future? Your Honor, I'm glad you asked, because I know plaintiffs in their brief discount, as they say, it's a one off situation will never happen again. Just imagine, if you will, a large, prominent plaintiffs firm that files many, many plaintiffs actions. And this firm always wants to make sure that there is some resident forum defendant to destroy diversity so that these cases can't be removed to federal court. But just imagine it should happen that there's one such case where they can't find a resident defendant to sue, and that case is removed to federal court by the plaintiff's analysis. After removal, they can simply take that case, tuck it into one of the existing cases and ask the district court to abstain under Colorado River. And if, as the court did in this case, the they would get their wish and this would undermine the removal statute in total. But good. Well, let me just follow. Could I suppose I get removed? I'm plaintiff's lawyer plaintiff. I get removed federal court. Could I refile another case with a new plaintiff involving the same defendant with the same claim in an unremovable form? For example, the damages is under 75,000 and then pull back the federal case into that state case by simply amending it. No, your honor, I would submit not. I mean, that's essentially what happened in Honolulu oil. The ruling in the plaintiff's favor would not allow that to happen. That's my question. I'm sorry. I misunderstood. I thought. Yes, I mean, that's correct. But but the but that's essentially what happened in Honolulu oil. Uh, and the Ninth Circuit in lieu distance itself from Honolulu oil, I think, recognizing clearly that that the earlier court had simply gotten that issue wrong. Judge Gregory. Don't you think that the standard of view is abuse of discretion here? No, your honor, I do not. Because we're dealing first. First of all, we're dealing with a pure question of law. What is 14 46 D mean? Okay, let's let's assume that you're right. It means automatic that the state court must cease and desist automatically. But authority to run its own docket in terms of the understand in terms of what's better to proceed. This is not a case. I think the district court was saying undermining. It was the federal court that sort of got things sort of messed up all due respect to the Second Circuit first certified. Then it's decertified. And then everybody was trying to reassemble themselves in the I don't see any fraud. Fraud was the wrong term, because that is not the standard. It is a version, but it said, But the gatekeeper is not the state court. I think the slipper slope would be at the state court somehow is asserting its jurisdiction, saying, I don't care what you do. I'm gonna do this. But it's the federal court saying I see unusual circumstances here. I just think that it would be better to let the state court proceed. And I'm just gonna abstain. I'm not kicking you out of federal court. I'm just saying in in terms of what's a better procedure. Why is that not discretion of the court? Well, your honor, because essentially, that means you've already gotten past the threshold question of parallel proceedings to then weigh all the various factors that allow the district court to do what it did. And we're not challenging the district court's weighing of those factors. We're simply saying that the threshold question whether there are parallel proceedings, and that is, in fact, a question of law here, because it's for the court to determine what's the comparandum? What's the state case that I'm gonna compare to the federal to the federal litigation? Well, the only way I can determine that is by construing 14 46 D. But the granting of an injunction usually is discretion. Usually is your honor. But as we said, where Congress has has clearly defined and delimited the scope of the district court's discretion, uh, we have different circumstances here than in the ordinary case. Thank you. Thank you.
judges: William B. Traxler Jr., Roger L. Gregory, Allyson K. Duncan